UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EURO-PRO OPERATING LLC,
d/b/a EURO-PRO Corporation,
          Plaintiff,

-vs-                                    Case No. 6:06-cv-155-Orl-18UAM

AL SCUTTE, JR.,
AL SCUTTE, III,
SALES & MARKETING SPECIALISTS CO.,
          Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | PLAINTIFF'S MOTION TO COMPEL (Doc. No. 40) |
| FILED: | June 19, 2007 |
| THEREON | it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. |

Finding that the Plaintiff, as discovering party, is entitled to the discovery sought, the time for the Defendants' allowing discovery or filing objections thereto having expired, the motion for an order compelling discovery is granted. Fed. R. Civ. P. 37(a).

To the extent that Defendants have allowed or made discovery, no further discovery is required. *See* Doc. No. 42 at 2. To the extent the Defendants have made objection or objections,

however predicated, the objections are overruled.[1] Such discovery is ordered no later than June 11, 2007, the date previously set for the close of discovery.

Plaintiff's motion is determined without an award of attorney's fees or costs. Plaintiff's application therefor, claiming on assertion $5,000, is inadequately supported, and costs have not been shown.[2]

All deadlines in this case remain unchanged, and the parties shall not cite or rely on this Order as a basis for enlarging other deadlines.

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2007.

Donald P. Dietrich
United States Magistrate Judge

---

[1] Federal Rule of Civil Procedure 33 states that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). Similarly, a defendant's failure to serve timely objections to a request for production pursuant to Rule 34 may constitute a waiver of the objection. *See Perry v. Golub*, 74 F.R.D. 360, 363 (D.C. Ala. 1976).

Rules 33 and 34 both provide that the parties may agree to a different time period subject to Federal Rule of Civil Procedure 29, which states that the parties may:

> by written stipulation . . . modify other procedures governing or limitations placed upon discovery, except that stipulations extending the time provided in Rules 33, 34, and 36 for responses to discovery may, if they would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, be made only with the approval of the court.

In the instant case, the parties did not submit a written stipulation regarding discovery that was "subscribed by the party or attorney against whom it is asserted." *See* Local Rule 4.15(a); *see also* Doc. Nos. 40-2 at 70-80, 42-2. The Court, therefore, cannot and does not find that the parties formally extended the time for Defendants to respond to discovery or that Defendants timely produced discovery responses pursuant to a formal stipulation.

[2] The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Copies furnished to:

Counsel of Record
Unrepresented Parties